This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38303

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MANUEL CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his convictions for kidnapping (first-degree), aggravated battery against a household member (great bodily harm), battery against a household member, criminal damage to the property of a household member, interference with communications, and criminal damage to property (under $1000). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Initially, we note that we address Defendant's issues in the order presented in the docketing statement, and we rely on the more detailed facts as set forth in the docketing statement.

## Sufficiency of the Evidence

**{3}** Defendant continues to challenge the sufficiency of the evidence to support his convictions for six offenses. [MIO 11] *See State v. Armijo,* 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence[.]").

**{4}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{5}** Defendant was convicted of kidnapping (first-degree), aggravated battery against a household member (great bodily harm), battery against a household member, criminal damage to the property of a household member, interference with communications, and criminal damage to property (under $1000). [*See* Jury Instructions, RP 135, 137-43]

**{6}** The State presented evidence that Victim, who had recently separated from Defendant, allowed Defendant into her apartment. [DS 2] Defendant was sitting on the couch when he became upset and the two began to argue. [DS 2] Defendant punched Victim in the head and face multiple times. [DS 3] A law enforcement officer testified at trial that Victim had injuries to her face and head, with blood on her face. [DS 3] Victim testified that after the initial injuries, she fled outside the apartment and began knocking on neighbors' doors for help. [DS 3] Defendant ran after her, took and broke her phone, dragged her back inside the apartment, and choked her to the point where she lost consciousness. [DS 3-4] There was also testimony from a neighbor that corroborated some of Victim's testimony. [DS 3] Finally, there was evidence presented that Defendant damaged a door in the apartment. [DS 3] Given these facts, we conclude that the State presented sufficient evidence to support the convictions.

## Lesser-Included Offense

**{7}** Defendant continues to claim that the district court should have instructed the jury on false imprisonment as a lesser included offense of kidnapping. [MIO 5] "In order

to obtain an instruction on a lesser included offense, '[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable.' " *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (quoting *State v. Curley*, 1997-NMCA-038, ¶ 5, 123 N.M. 295, 939 P.2d 1103).

**{8}** False imprisonment is "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." NMSA 1978, § 30-4-3 (1963). Kidnapping is "the unlawful taking, restraining, transporting or confining of a person, by force, intimidation or deception, with intent . . . to inflict death, physical injury[,] or a sexual offense on the victim." NMSA 1978, § 30-4-1(A)(4) (2003). As applied here, Defendant's intent to inflict injury after he forced Defendant back into the apartment is the element that separates kidnapping from false imprisonment. *See State v. Sotelo*, 2013-NMCA-028, ¶ 12, 296 P.3d 1232 (explaining the difference between kidnapping, a specific intent crime, and false imprisonment, a lesser included general intent crime).

**{9}** We do not believe that Defendant was entitled to the false imprisonment instruction, because the jury would have had to fragment and distort Victim's testimony to conclude that she was believable about everything except further injury that occurred in the apartment. *See State v. Gaitan*, 2002-NMSC-007, ¶ 24, 131 N.M. 758, 42 P.3d 1207 ("We will not 'fragment the testimony to such a degree as to distort it' in order to construct a view of the evidence which would support the giving of the instruction." (omission, internal quotation marks, and citation omitted)).

**{10}** Defendant argues that there was no direct evidence Defendant used force and restraint to intentionally inflict physical harm. [MIO 6-7] *Cf. Sotelo*, 2013-NMCA-028, ¶¶ 14-16 (rejecting the need for false imprisonment instruction where the defendant expressly stated his intention to harm the victim while transporting her against her will). However, in this case Victim testified about a continued series of assaults, that began in the house; when she fled the residence seeking assistance, Defendant caught her, dragged her back into the house, and then choked her to a state of unconsciousness once inside. [DS 3-4] We conclude that no reasonable jury could conclude that Defendant did not intend to harm Victim when he took her back into the house and continued the on-going assault. As such, Defendant was not entitled to the false-imprisonment instruction.

**{11}** Based on the foregoing, we affirm the district court's judgment and sentence.

**{12}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**